The document below is hereby signed.

Signed: October 15, 2018

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JESSE EDWARD BROWN, | ) | Case No. 18-00184 |
| | ) | (Chapter 7) |
| Debtor. | ) | For publication in West's |
| | ) | Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
REQUEST TO REDACT OR SEAL DOCUMENTS

The debtor has filed a letter requesting to have his middle name and the last four digits of his Social Security Number redacted, or documents with that information sealed. This is tantamount to a request to have the full docket redacted or sealed, as, with one exception, every filing docketed includes the debtor's middle name or the last four digits of his Social Security Number, or both.[1]  In addition, the docket sheet frequently includes the debtor's full name (including the debtor's middle name) in the descriptions of the filings.

Under 11 U.S.C. § 107(a), filings with the bankruptcy court

---

[1] If redaction were in order, the debtor would be required to submit copies of such filings with his middle name and last four digits of his Social Security Number redacted.

and the docket "are public records and open to examination by an entity at reasonable times without charge." However, § 107(c)(1) also provides:

> (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>   (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
>   (B) Other information contained in a paper described in subparagraph (A).

Under 18 U.S.C. § 1028(d)(7):

> the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual[.]

And the term specifically includes, among other things:

> name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number[.]

18 U.S.C. § 1028(d)(7)(A).

In light of the sensitivity of Social Security Numbers and certain other information, Fed. R. Bankr. P. 9037(a) provides in relevant part:

> **(a) Redacted filings.** Unless the court orders otherwise, in an electronic or paper filing made with the court . . . a party or nonparty making the filing may include only:

>> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

However, Fed. R. Bankr. P. 9037(d) provides:

> **(d) Protective Orders**. For cause, the court may by order in a case under the Code:
>
>> (1) require redaction of additional information; or
>>
>> (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

The Committee Notes to Rule 9037 emphasize that the court should not presume that information allowed to be published under Rule 9037 should not be protected.

Nevertheless, "[a] court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *Anthracite Capital, Inc., v. Deutsche Bank (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) (quoting *Geltzer v. Andersen Worldwide, S.C. (In re Geltzer)*, No. 3339, 2007 WL 273526, at *2-3 (S.D.N.Y. Jan. 30, 2007)). Furthermore, "[b]ecause all papers filed with the court are presumptively available for inspection by the public, the party seeking to seal

or redact filings bears the high burden of proof." *In re Stone*, 587 B.R. 678, 682 (Bankr. S.D. Ohio 2018).

The debtor has not shown sufficient cause to overcome the presumption that court documents should remain public and accessible. The debtor states "A friend showed me how easily he was able to access vital financial information simply by having my full name and the last four digits of my social security number." However, the debtor has not explained what "vital financial information" is accessible with his full name and last four digits of his Social Security Number, or how, within the meaning of 11 U.S.C. § 107(c)(1), access to that information "create[s] undue risk of identity theft or other unlawful injury" to the debtor or his property.

The Judicial Conference adopted Rule 9037(a), and its provision for disclosing Social Security Numbers with the last four digits *not* redacted, even when a debtor's full name is also disclosed, as generally adequate to address the privacy concerns resulting from public access to electronic case files, including as generally adequate to protect debtors and other individuals from undue risk of harm. *See In re Blake*, 452 B.R. 1, 8-9 (Bankr. D. Mass. 2011) (footnote omitted) stating:

> Any tension between (1) the policy of making documents . . . publicly and electronically available and (2) the need to protect the information encompassed by Bankruptcy Rule 9037(a) has been resolved by the Judicial Conference of the United States' "Policy on Privacy and Public Access to Electronic Case Files (March 2008)"(the

"Judicial Conference Privacy Policy").

It would be an extraordinary case in which redaction of the last four digits of a Social Security Number would be warranted.[2]

Moreover, if the debtor uses a financial institution that permits access to his account based on such limited information in a way that could cause an undue risk of wrongful injury to the debtor or his property, he has not shown that the risk cannot be avoided by changing to a financial institution that has better protections in place.

In light of the foregoing, it is

ORDERED that the debtor's request (Dkt. No. 34) is DENIED without prejudice to filing and serving on the United States Trustee a further motion (bearing a proper caption), with a proposed order and notice under Local Bankruptcy Rule 9013-1 of

---

[2] In the only reported decision I have found in which a debtor requested redaction of the last four digits of the debtor's Social Security Number, the debtor's request was denied. *See In re Khan*, BAP No. CC-13-1297-DPaTa, 2013 WL 6645436 (B.A.P. 9th Cir. Nov. 22, 2013), stating at *4:

> The debtor frets that her social security number, bank account number and other personal information have been exposed to the public through her bankruptcy filing. But after reviewing the bankruptcy court's electronic docket, the debtor's petition, her original and amended schedules, her statement of financial affairs and her Form B22A, we discovered no such information, other than the last four digits of her social security number. None of her bankruptcy documents contained any identifying information that could create an undue risk of identity theft or other unlawful injury to the debtor.

the opportunity to oppose the motion, and showing cause for ordering the requested redactions.

[Signed and dated above.]

Copies to: Debtor; Office of United States Trustee.